Per Curiam.

By the frank and commendable concessions of both counsel, this appeal presents but one question, and that *375 purely one of fact. The construction company excavated and removed from vacant lots belonging to Eubidge a quantity of. sand and gravel, to be used in the construction of a sewer. Eubidge brought suit and obtained judgment against the construction company and Gibbons, its president, for $1,250.25. The market value of the gravel and sand per yard was a disputed question. The trial judge adopted the highest valuation placed upon it by any witness. The quantity of the gravel taken was likewise in dispute on the trial, and the trial court, in its findings, announced that it would adopt the testimony of one Noonan on that point, and if Noonan’s testimony had been definite and certain, it would be our duty to affirm this judgment, notwithstanding the fact that his figures, as to the quantity and as to the price, were the largest given. But Noonan’s testimony as to the amount of gravel removed was indefinite, uncertain, and wholly unsatisfactory. The excavation, it was conceded by all the witnesses having any knowledge on that point, extended into the public street, and the plaintiff below, appellee here, makes no claim, as indeed he could make none, for the gravel and sand taken by the construction company from the street. Various witnesses — two or three of them civil engineers who had made surveys — testified that the excavation extended into the street, and gave the distance it so extended. One of these engineers was a witness for the plaintiff, Eubidge.- He testified that 653 cubic yards of gravel taken came from the street and alley, and but 975 cubic yards were taken out of the lots. But the court allowed the plaintiff for 1,667 cubic yards taken from the lots. This was almost the exact quantity which the engineer called by the plaintiff testified was .taken from both the lots of the plaintiff and the street and alley. The unsatisfactory and indefinite character of Noonan’s testimony is illustrated by the following, taken from the abstract:
*376 ££I should judge the pit was seven or eight feet deep. I never measured it.
££Q. By reason of your experience, could you make an estimate of the amount in cubic yards of sand or gravel taken out of this pit?
££A. No, I would not make an estimate at all. # * * I do not know how far into the street the pit extended. Cannot say that the 100 by 75 was all upon the lots.”
From the foregoing, it is plain that the trial court erred in adopting the testimony of Noonan, and rejecting the testimony of all the other witnesses-on the question of the amount of gravel and sand which had been excavated from the premises owned by the plaintiff, and the judgment must, for that reason, be reversed.

Judgment Reversed.